UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHPOINT DENVER, INC. and RUBY ROBINSON COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TRINITY FRESH DISTRIBUTION, LLC, TRINITY FRESH MANAGEMENT, LLC, TRINITY FRESH PROCUREMENT, LLC and PAUL P. ABESS,<br><br>Defendants. | No. 2:18-CV-03183-KJM-KJN<br><br>ORDER |

On December 11, 2018, plaintiffs Freshpoint Denver, Inc. and Ruby Robinson Company, LLC ("plaintiffs") filed an *ex parte* application for a temporary restraining order ("TRO") to enjoin defendants Trinity Fresh Distribution, LLC, Trinity Fresh Management, LLC, Trinity Fresh Procurement, LLC, and Paul P. Abess[1] ("defendants") from dissipating any assets up to the amount owed to plaintiffs under the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499a et seq. *See* ECF No. 2 at 2.[2] Having considered plaintiffs' motion and supporting declarations, the court finds that relieving defendants of the notice requirement found in Federal Rule of Civil Procedure 65(b) is not warranted in this case.

---

[1] According to plaintiffs' motion, defendant Abess is the sole manager and member of defendants Trinity Distribution, Trinity Management, and Trinity Procurement. ECF No. 2-4 at 3.

[2] All page numbers cited refer to ECF pagination as it appears on the docket and not the internal pagination of the original documents.

I.        BACKGROUND

Defendants Trinity Distribution and Trinity Procurement are PACA licensees that operate subject to the provisions of PACA. ECF No. 2-2 at 2. Plaintiffs are engaged in the business of buying and selling wholesale quantities of produce. ECF 2-4 at 2. Plaintiffs allege that defendants have an outstanding debt to plaintiffs for produce supplied to defendant Trinity Distribution totaling $609,619.55. *Id.* at 6.

According to plaintiffs, on December 4, 2018, plaintiffs were notified that Trinity Distribution was ceasing operations and learned that its website states that the company is "no longer accepting or delivering any new produce orders" and will be filing for bankruptcy "at the end of December, 2018." ECF No. 2-2 at 2 (citing Kennedy Decl., Ex. 1, ECF No. 2-4). Mr. Abess explained to a representative of plaintiff Ruby Robinson Company that "he was forced to suddenly close Trinity Distribution because its receivables had been factored[3] and he did not have sufficient cash to continue operations or meet his payroll obligations." *Id.* (citing Feldgreber Decl., Ex. 2, ECF No. 2-4).

On December 11, plaintiffs filed the instant *ex parte* motion for a TRO to prevent defendants from dissipating any assets up to the amount owed to the plaintiffs. ECF No. 2 at 2.

I.        LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) allows the court to issue a TRO without notice to the adverse party only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Plaintiffs have satisfied (B), by providing a written certification providing

---

[3] In this context, to "factor" means to sell one's receivable debts to a company that purchases invoices and takes responsibility for collecting the payments due on them. *See* Factoring, *Small Business Encyclopedia*, Entrepreneur, https://www.entrepreneur.com/encyclopedia/factoring (last visited Dec. 12, 2018).

reasons notice is not required. *See* ECF No. 2-2 ("Attorney Certification Why Notice Should not be Required Pursuant to Fed. R. Civ. P. 65(b)"). Specially, plaintiffs' counsel avers that notice should not be required, because advising defendants of the pendency of this motion will cause defendants to dissipate trust assets, and once trust assets are dissipated, it will be impossible to recover them. *Id.* at 3.

As to the rule's first requirement, however, the Ninth Circuit has cautioned that there are "very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). In cases where the identity of the defendant is known and giving notice before a hearing is possible, defendants must meet the heavy burden of showing that "notice to the defendant would render fruitless the further prosecution of the action." *Id.* (citation omitted).

III. <u>DISCUSSION</u>

Plaintiffs argue that the court should relieve them of the notice requirement for the TRO they request, because "advising Defendants of the pendency of this motion will allow Defendants to continue to pay non-trust debts with trust assets prior to the hearing, including those non-trust debts for which the individual defendants would be liable, such as withholding taxes, or funds owed to the company. In addition, Defendant Abess may be motivated to use trust assets to ensure that his trucking company remains operational." ECF No. 2-2 at 3. In support of their contention that defendant would dissipate trust assets if notified of this motion, plaintiffs cite "the abrupt cessation of Defendants' produce operations" and defendants' principal's "admissions that [the company] had insufficient cash to continue operations, but that he intended to collect receivables and is continuing operations of a related company." *Id.* In his declaration, Robert Feldgreber, CFO of plaintiff Ruby Robinson Company, states that he spoke to defendant Paul Abess on December 5, 2018, and Mr. Abess represented that he "would be collecting the accounts receivable and trying to make distributions to PACA trust creditors." Feldgreber Decl., Ex. 2, ECF No. 2-4 at 86.

Dissipation of PACA trust assets can constitute a form of irreparable harm that may justify a court's issuing an *ex parte* TRO. *Patterson Vegetable Co., LLC v. Superior Foods,*

*Inc.*, No. 5:12-CV-05286-LHK, 2012 WL 5413467, at *3 (N.D. Cal. Nov. 6, 2012). However, plaintiffs must provide facts that clearly show immediate dissipation of trust assets will occur before defendants can be heard. *See id.*; Fed. R. Civ. P. 65(b). In *Chong's Produce, Inc. v. Meshaal*, No. C 09-4787 JF (RS), 2009 WL 3298175, at *2 (N.D. Cal. Oct. 9, 2009), the court found an *ex parte* TRO was warranted where "Defendant initially paid Defendant's bills but stopped doing so in August 2009; one check tendered by Defendant in the amount of $3,171.50 was returned for insufficient funds; Defendant perpetually is 'unavailable' each time Chong calls to discuss the outstanding invoices; and Defendant continues to do business and to receive produce from other vendors." *See also Inn Foods Inc. v. Turner Mead LLC*, No. C 07-00649 SI, 2007 WL 484781, at *1 (N.D. Cal. Feb. 9, 2007) (plaintiff's affidavits showed "Defendant is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation"). By contrast, in *Patterson Vegetable Co., LLC v. Superior Foods, Inc.*, the court found an *ex parte* TRO was not warranted where defendant had an outstanding balance of $106,692.84, plaintiff had discussed the balance with defendants, and one defendant had represented he was not willing to pay more than $50,000 to settle the balance. 2012 WL 5413467, at *3. The court concluded that plaintiff did not provide specific facts regarding "Defendants, their financial state, or their past behavior" that "would allow the Court to conclude that, if Defendants were provided notice and permitted time to respond, Defendants would use the trust funds to pay off other debts or otherwise dissipate trust assets so that 'the further prosecution of th[is] action' would be 'render[ed] fruitless.'" *Id.* at *4 (quoting *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d at 1131).

Here, plaintiff has not shown that defendant is avoiding plaintiffs' communications, as was the case in *Chong's Produce*; rather, the opposite appears to be true. *See* Feldgreber Decl. at 86. According to Mr. Feldgreber's declaration, defendant Abess appears to have been forthcoming regarding the company's financial distress, and has represented that he will be "trying to make distributions to PACA trust creditors." *Id*. Additionally, according to plaintiffs, defendants in this case have abruptly ceased their produce operations, so the concern in *Chong's Produce* that PACA trust funds were being depleted based on the defendant's continuing

4

to do business in the produce industry is not presented in this case. *See Chong's Produce*, 2009 WL 3298175, at *1. Plaintiff's conclusory statement that defendant Abess will use PACA trust funds to run his other, unrelated business is unsupported by anything beyond mere speculation. *See* ECF No. 2-2 at 3.

Given defendants' apparent willingness to communicate with plaintiffs and stated intent to use trust assets in an effort to compensate PACA creditors, plaintiffs have not met their burden to show that defendants are likely to dissipate trust funds before a hearing if provided notice of the pending motion for a TRO.

Accordingly, plaintiffs are not relieved of the requirement to provide notice to defendants of the instant motion for a temporary restraining order. Plaintiffs are directed to advise the court once they have provided, or attempted to provide, notice to defendants, at which time the court anticipates setting a telephonic hearing on the TRO request and an expedited preliminary injunction hearing schedule.

IT IS SO ORDERED.

DATED: December 12, 2018.

UNITED STATES DISTRICT JUDGE