UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHPOINT DENVER, INC. and RUBY ROBINSON COMPANY, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRINITY FRESH DISTRIBUTION, LLC, et al.,<br><br>    Defendants. | No. 2:18-cv-03183-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

On December 11, 2018, Plaintiffs filed a Motion for a Temporary Restraining Order ("TRO") under the Perishable Agricultural Commodities Act ("PACA"), seeking temporary preliminary relief to prevent Defendants from dissipating trust assets. See Mot., ECF No. 2; Compl., ECF No. 1. Defendants filed a response in a related case addressing the same issues on December 17, 2018. See GreenGate Fresh, LLLP v. Trinity Fresh Procurement, LLC, No. 2:18-cv-03161, ECF No. 7 (E.D. Cal. Dec. 17, 2018). For the reasons given below, the Court GRANTS Plaintiffs' Motion for a Temporary Restraining Order.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

# I. BACKGROUND

Between June 22, 2018 and November 29, 2018, Plaintiffs sold Defendants produce totaling an invoiced amount of $609,619.55. Decl. of Jennifer Kennedy ("Kennedy Decl."), ECF No. 2-4, pp. 14-17; Decl. of Robert Feldgreber ("Feldgreber Decl."), ECF No. 2-4, pp. 84-87. Defendants have failed to pay those invoices, despite repeated demands. Id. On December 4, 2018, Defendants posted to their website that they are ceasing operations and intend to file for bankruptcy by the end of the month. Id. Shortly thereafter, Plaintiffs filed their Complaint. See Compl.

# II. LEGAL STANDARD

## A. The Perishable Agricultural Commodities Act ("PACA")

Congress enacted PACA in 1930 to prevent unfair trading practices in the produce industry. Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997). In 1984, Congress amended PACA "to remedy the burden on commerce in perishable agricultural commodities and to protect the public interest caused by accounts receivable financing arrangements that encumber or give lenders a security interest in the perishable agricultural commodities superior to the growers." S & H Packing & Sales Co. v. Tanimura Distrib., Inc., 883 F.3d 797, 802 (9th Cir. 2018) (en banc) (internal quotation marks omitted). "Congress intended to shield agricultural growers from risk in enacting PACA 'to protect the public interest.'" Id. (quoting 7 U.S.C. § 499e(c)(1)). Accordingly, PACA seeks "to benefit all parties and society by ensuring that growers are protected; lenders know their risk; and agricultural commerce is encouraged to benefit society." Id.

To enact its goals, PACA creates a statutory trust to protect produce growers:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). "This provision imposes a 'nonsegregated floating trust' on the commodities and their derivatives, and permits the commingling of trust assets without defeating the trust." S & H Packing, 883 F.3d at 802 (quoting Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc., 67 F.3d 1063, 1067 (2d Cir. 1995)).

Unpaid sellers of produce must give written notice of their intent to preserve PACA trust benefits within thirty days or include a statutorily specified notice on its invoices. 7 U.S.C. § 499e(c)(3-4). PACA makes it unlawful for buyers to fail to make full payments promptly or fail to maintain the trust. 7 U.S.C. § 499b(4). Buyers who violate § 499b are subject to liability for any damages caused by their violation. 7 U.S.C. § 499e(a).

B. Temporary Restraining Orders

Federal Rule of Civil Procedure 65 provides authority to issue either preliminary injunctions or temporary restraining orders. Plaintiffs seeking these forms of injunctive relief must demonstrate (1) that they are likely to succeed on the merits,

(2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7 (2008)).

Temporary restraining orders are emergency measures, intended to preserve the status quo pending a fuller hearing on the injunctive relief requested, and the irreparable harm must therefore be clearly immediate. Fed. R. Civ. Proc. 65(b)(1). This district's local rules further specify that the Court will consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." E.D. Cal. L.R. 231(b).

III. ANALYSIS

A. Likelihood of Success

District Courts in the Ninth Circuit regularly grant TROs in PACA cases, concluding that the prospect of trust assets being depleted constitutes irreparable injury. See CP Produce, LLC v. Quality Fresh Farms, Inc., No. 118CV00077DADEPG, 2018 WL 1980749, at *3 (E.D. Cal. Jan. 19, 2018) (collecting cases).

Here, Plaintiffs have demonstrated a likelihood of success on their claims. FreshPoint Denver and Ruby have provided evidence that they are "dealers" within the meaning of PACA, and that Trinity Distribution and Trinity Procurement are buyers licensed under PACA. See Kennedy Decl., Exs. A-C, ECF No. 2-4, pp. 18-29; Feldgreber Decl., Exs. A-B, ECF No. 2-4, pp. 88-95.

Plaintiffs further provide evidence that Defendants Abess and Trinity Management were in positions of control over Plaintiffs' PACA trust assets. See Feldgreber Decl. ¶ 12. Trinity Procurement previously paid for produce sales from FreshPoint Denver. Kennedy Decl. ¶ 8. The produce was sold in interstate commerce, as required by 7 U.S.C. § 499a(b)(8). Kennedy Decl. ¶ 9; Feldgreber Decl. ¶ 7. The invoices contain the statutorily required language to ensure Plaintiffs preserved their rights to the benefits of the statutory trust under 7 U.S.C. § 499e(c)(4). Kennedy Decl., Ex. E, ECF No. 2-4, pp. 33-80; Feldgreber Decl., Ex. C, ECF No. 2-4, pp. 96-122. Plaintiffs provide declarations that Defendants accepted their produce, but have not paid the provided invoices. Kennedy Decl. ¶ 9; Feldgreber Decl. ¶ 7. The Plaintiffs' outstanding invoices total $609,619.55. Id.

Given this evidence, it is likely Plaintiffs can succeed on the merits of their PACA claims.

### B. Likelihood of Irreparable Injury

Plaintiffs can also show a likelihood of irreparable injury in the form of dissipated trust assets. See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 140 (3d Cir. 2000) (holding that PACA trust dissipation can constitutes irreparable harm). Kennedy declares that Defendants have ceased operations, have substantial accounts receivable yet to be collected, and intend to file for bankruptcy. Kennedy Decl. ¶ 13. As identified above, courts accept the dissipation of assets from the PACA trust as indicative of irreparable injury. See, e.g., CP Produce, 2018 WL 1980749, at *3.

///

C. <u>Balance of the Equities and the Public Interest</u>

The balance of equities thus tips towards Plaintiffs. They are statutorily entitled to a trust in the proceeds of any sales from the products it shipped until the outstanding invoices are paid in full. 7 U.S.C. § 499e(c)(2). Defendants have not demonstrated any hardship they will suffer by being forced to not dissipate trust assets.

Finally, a TRO here would be in the public interest. As the Ninth Circuit recently noted in <u>S & H Packing</u>, PACA seeks to further the public interest by ensuring the protection of produce growers and encouraging agricultural commerce for social benefit. 883 F.3d at 802. Given Plaintiffs' likelihood of success on the merits and Congress's intent in passing PACA, the public interest will be served by granting the TRO here.

D. <u>Rule 65 Bond or Security</u>

Rule 65 provides that a court may only issue a TRO "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Here, based on the evidence presented, the Court concludes no bond or security is required of Plaintiffs. <u>See</u>, <u>e.g.</u>, <u>CP Produce</u>, 2018 WL 1980749, at *4.

IV. CONCLUSION AND ORDER

For all of the reasons set forth above:

1. Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 2) is GRANTED;

2. Defendants are directed to deliver to Plaintiffs' counsel, on or before December 24, 2018, true and correct copies

of Defendants' financial and/or business records identifying and describing all PACA trust assets currently within the possession, custody, and control of defendants and which disclose the location of all such PACA trust assets.  For purposes of compliance with this provision, PACA trust assets are defined to include those assets which are identified as being part of the PACA trust pursuant to 7 C.F.R. § 46.46(b), which states:

> The trust is made up of perishable agricultural commodities received in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. Trust assets are to be preserved as a nonsegregated "floating" trust.  Commingling of trust assets is contemplated.

3. The court sets the following schedule with respect to Plaintiffs' Motion for Preliminary Injunction (ECF No. 3):

    a. Defendants shall file their opposition to Plaintiffs' motion by December 27, 2018;

    b. Plaintiffs shall file any reply to the opposition by December 31, 2018; and

    c. The motion for preliminary injunction has been determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

4. The court orders that Defendants Trinity Fresh Distribution, LLC; Trinity Fresh Management, LLC; Trinity Fresh Procurement, LLC; and Paul P. Abess, and any officers, directors, shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are restrained and prevented from transferring, withdrawing or in any other manner

1 | removing trust assets held pursuant to 7 U.S.C. § 499e et seq.,
2 | including funds on deposit in banking accounts held by or on
3 | behalf of Defendants;
4 |     5.   The Court orders that, pending determination of the
5 | Motion for Preliminary Injunction, Defendants and all owners,
6 | officers, directors, shareholders, employees, agents, bankers,
7 | subsidiaries, successors, assignees, principals, assignors,
8 | attorneys, and persons acting in concert with them, shall be
9 | restrained and prevented from engaging in, committing, or
10 | performing directly and indirectly, any and all of the following
11 | acts:
12 |     a.   Removing, withdrawing, transferring, assigning, or
13 | selling to any other person or entity, the proceeds from the
14 | sales of any or all existing or future inventories of food or
15 | other products derived from perishable agricultural commodities,
16 | and/or receipts of payment for products or crops sold prior to
17 | the date of this order and/or otherwise disposing of assets,
18 | books, or funds;
19 |     b.   Taking any other action whatsoever which causes, has
20 | the effect of causing, or which otherwise dissipates Plaintiffs'
21 | beneficiary interests in the trust assets; and
22 |     c.   Taking any other action whatsoever which violates 7
23 | U.S.C. § 499e(c)(1) through (4), inclusive, and 7 U.S.C.
24 | § 499b(4).
25 |     6.   No bond shall be required to be posted by Plaintiffs
26 | pursuant to Rule 65(c) of the Federal Rules of Civil Procedure;
27 | and
28 |     7.   Defendants are further notified of their right to apply

1 | to the court for modification or dissolution of this TRO, if
2 | appropriate and supported by a showing of good cause, on two (2)
3 | days' notice or such shorter notice as the court may allow. <u>See</u>
4 | Fed. R. Civ. P. 65(b)(4) and Local Rule 231(c)(8).
5 |     IT IS SO ORDERED.
6 | Dated: December 20, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE